UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JACK ROBINSON,

                Plaintiff,                                **REPORT AND RECOMMENDATION**
                                                                                        08-CV-902 (NGG) (LB)
                -against-

Federal Bureau of Prisons; Officer JIMMINEZ;
JOHN DOE #1, Acting Warden (Duty Officer);
JOHN DOE #2, Duty Lieutenant; JOHN DOES
#3-7, Officers assigned to Removal Team;
Rabbi HORNIC, Rev. JAMES McDEVETT,
Warden CAMERON LINDSAY,

                Defendants.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff Jack Robinson, formerly incarcerated at the Metropolitan Detention Center in Brooklyn ("MDC"),[1] brings this *pro se* action alleging that defendants used excessive force and violated his constitutional rights under the First Amendment. Plaintiff seeks damages and injunctive relief. This action was originally filed in the United States District Court for the Northern District of New York ("NDNY"). By Order dated February 7, 2008,[2] the case was transferred here as the MDC is located in the Eastern District of New York. Defendants move to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Honorable Nicholas G. Garaufis, United States District Judge, referred defendants' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 626(b). For the following reasons, I respectfully recommend that defendants' motion should be granted and plaintiff's motion for

---

[1] At the time this action was filed, plaintiff had been released from federal custody.

[2] The Court takes judicial notice that the NDNY Transfer Order is incorrectly dated February 7, 2007; the Clerk of Court's certification is dated February 19, 2008.

summary judgment should be denied. Plaintiff's First Amendment claim against defendant Jimminez should proceed.[3]

## BACKGROUND

On January 23, 2008, plaintiff commenced this *pro se* action against the United States Government and the Federal Bureau of Prisons ("BOP") alleging that while incarcerated at MDC in September 2007, staff terminated his religious worship and he was maltreated.[4] On March 7, 2008, plaintiff amended his complaint to name A. Jimminez (Docket Entry #8, "Compl."). Specifically, plaintiff alleged that on September 12, 2007, while holding High Holy Services for Rosh Hashanah, MDC Officer Jimminez "burst in told the participants the service was over and ordered them out of the room, he contacted the response staff, who in turn handcuffed members of the congregation. The Plaintiff, who presided over these services, because he is fluent in Hebrew, was taken into the elevator & physically assaulted." (Compl. at 1). On March 28, 2008, the Court granted plaintiff's request to proceed *in forma pauperis* and directed the United States Marshals Service to serve the summons and complaint on defendants.

On September 12, 2008, defendants United States, BOP and A. Jimminez moved to dismiss the complaint. By Memorandum and Order dated September 16, 2008, Judge Garaufis granted defendants' motion in part and denied it in part (Docket Entry #30, "Order, No. 08-CV-902 (NGG), slip op. (E.D.N.Y. Sept. 16, 2008)"). Specifically, the Court dismissed plaintiff's constitutional claims against the United States and the BOP based on sovereign immunity. The Court directed

---

[3] This claim is not addressed by the instant motion.

[4] Plaintiff filed a "Brief in Support" and a request to proceed *in forma pauperis*, but not a complaint.

2

plaintiff to file an amended complaint to allege a claim under the Federal Tort Claims Act ("FTCA") and to allege any BOP employees' personal involvement in the alleged physical assault against plaintiff. Finally, the Court denied defendants' motion to dismiss plaintiff's First Amendment claim against defendant Jimminez.

On November 14, 2008, plaintiff filed an amended complaint (Docket Entry #33, "Am. Compl.") against the BOP, Officer Jimminez, MDC Warden Lindsay, Rabbi Hornic, Reverend McDevett and John Does #1-7. Plaintiff alleges that in 2007, religious services for Jewish inmates at MDC were "abruptly terminated by officer Jimminez" who then "contacted the Removal Team" and that plaintiff was "man handled, taken into the elevator and assaulted[,] throughout anti-Semitic comments were made" (Am. Compl. at 4, ¶ IV). Plaintiff further alleges that he injured his "arm during the confrontation and ha[s] had problems with pain and range of motion, along with psychological injuries" and he attaches various medical reports (Amend. Compl. at 4, ¶ IVA). Plaintiff seeks unspecified damages (Am. Compl. at 5, ¶ V).

Defendants now move to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") on the ground that the Court lacks subject matter jurisdiction over any Federal Tort Claims Act claim because plaintiff failed to exhaust his administrative remedies. (Docket Entry #46, "Defs. Memo of Law" at 5). Defendants also move to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) against the individual defendants because plaintiff fails to allege their personal involvement in the alleged claim of excessive force (Defs. Memo of Law at 7). Plaintiff opposes defendants' motion and argues that he "is at a disadvantage Because he does not have full access to records or Subpoena authority." (Docket Entry #41, "Pl. Opp."). Plaintiff's opposition includes the same medical reports that were

3

attached to his amended complaint (Docket Entry #43). In addition, plaintiff moves for summary judgment (Docket Entry #42, "Pl. Summary Judgment Mot."). On December 16, 2009, plaintiff moved to modify the amended complaint to include a new medical report (Docket Entry #52). By order dated January 11, 2010, the Court denied plaintiff's motion (Docket Entry #53).

## DISCUSSION

### I. Motion to Dismiss - Standard of Review

When ruling on a motion to dismiss pursuant to Rule 12(b)(1), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor, but cannot draw inferences in favor of plaintiff when ruling on questions of subject matter jurisdiction. Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citing cases). Similarly, when ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n.1 (2002)) (other citations omitted); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Although plaintiff's factual allegations are assumed to be true, this does not apply to plaintiff's legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

To survive a motion to dismiss, however, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. If a plaintiff does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id. Nonetheless, "[a] document filed *pro se* is 'to be liberally construed,' and '*a pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429

4

U.S. 97, 106 (1976)). See also Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)) (other citations omitted).

A. **Claims against the United States and the BOP**

Defendants move to dismiss the amended complaint alleging that plaintiff has failed to show that he has exhausted his administrative remedies (Defs. Memo of Law at 5-7), and, therefore, there is no subject matter jurisdiction over any FTCA claim. Plaintiff's amended complaint fails to state a claim under the FTCA and the Court should grant defendants' motion.

The FTCA waives the government's sovereign immunity in limited circumstances by authorizing suits against the United States to recover for torts committed by federal employees in the scope of their employment, 28 U.S.C. §§ 2671 *et seq.*, Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998). Before filing a FTCA lawsuit, a plaintiff must file an administrative claim with the appropriate federal agency and "his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The FTCA authorizes suits only against the United States and not against federal agencies. Rivera v. United States, 928 F.2d 592, 609 (2d Cir. 1991) ("The only proper federal institutional defendant in such an action is the United States."). Here, the Court previously dismissed plaintiff's claims against the United States and the BOP based on sovereign immunity, but allowed plaintiff an opportunity to file an amended complaint to assert a claim against the United States under the FTCA. See Order, No. 08-CV-902 (NGG), slip op. at 1-2 (E.D.N.Y. Sept. 16, 2008). Plaintiff's amended complaint, however, does not name the United States and does not establish a basis for a FTCA claim.

5

The Court concludes that plaintiff did not intend to file a FTCA claim and considers this claim abandoned. See, e.g., Douglas v. Victor Capital Group, 21 F.Supp.2d 379, 393 (S.D.N.Y. 1998) (deeming plaintiff's claims to be abandoned after he failed to oppose a summary judgment motion specifically addressing those claims) (citing cases); see also Manbeck v. Micka, 640 F.Supp.2d 351, 366 n.11 (S.D.N.Y. 2009) (citation omitted).

In the alternative, if plaintiff did intend to state a claim under the FTCA, that claim should be dismissed for failure to exhaust administrative remedies. 28 U.S.C. § 2675(a). If a plaintiff fails to comply with the FTCA's requirements, the Court lacks subject matter jurisdiction. United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (FTCA requirements are strictly construed); Barnes v. United States, No. CV-00-3544, 2004 WL 957985, at *2 (E.D.N.Y. Apr. 12, 2004), aff'd, 204 F.3d Appx. 918 (2d Cir. 2006).

Therefore, plaintiff's FTCA claims against the United States should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). The Court further recommends that any claims against the BOP should be dismissed for the reasons set forth in the Court's Memorandum and Order dated September 16, 2008. See Order, No. 08-CV-902 (NGG), slip op. at 2 (E.D.N.Y. Sept. 16, 2008) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994)).

B. Individual Defendants

(1) Excessive Force Claim

Defendants move to dismiss plaintiff's excessive force claim pursuant to Fed. R. Civ. P. 12(b)(6) arguing that plaintiff has failed to allege the personal involvement of any of the individual defendants. In response to the Court's prior order directing plaintiff to file an amended complaint, plaintiff added the following defendants: John Doe #1, Acting Warden, John Doe #2 Duty

Lieutenant, John Does #3-7, Officers assigned to the Response Team, Rabbi Hornic, Reverend McDevett and Warden Lindsay (Am. Compl. at 1, 3). In the amended complaint, plaintiff alleges that in September 2007, he was "man handled, taken into the elevator and assaulted[,] throughout anti-Semitic comments were made" (Am. Compl. at ¶ IV). Plaintiff further alleges that he injured his "arm during the confrontation and h[as] had problems with pain and range of motion along with psychological injuries" (Am. Compl. at ¶ IV). In his opposition, plaintiff does not allege the personal involvement of any of defendants now named in the alleged MDC elevator assault and contends that as a *pro se* litigant, he "is at a disadvantage Because he does not have full access to records or Subpoena authority" (Pl. Opp. at 1).

As a prerequisite to a damage award against a person acting pursuant to federal law, such as alleged here, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (explaining elements of a claim under Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics, 403 U.S. 388 (1971) ("Bivens"). To state an excessive force claim under the Eighth Amendment, the use of force "must be, objectively, sufficiently serious" and "the prison official involved must have a sufficiently culpable state of mind." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) (internal quotation marks and citations omitted). In an excessive force claim, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). As previously set forth by the Court, "the doctrine of *respondeat superior* does not apply in Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." Order, No. 08-CV-902 (NGG), slip op. at 2 (E.D.N.Y. Sept. 16, 2008) (quoting Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006)); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (same).

Although plaintiff names the MDC officers assigned to the removal team as "John Doe" defendants, he does not provide any facts to link any of these defendants to the alleged September 12, 2007, elevator assault. Even taking account plaintiff's *pro se* status and drawing all reasonable inferences in his favor, he fails to show that these John Doe defendants, had any direct involvement with, knowledge of, or responsibility for the alleged September 12, 2007, elevator assault.

Moreover, in addressing defendants' first motion to dismiss, the Court already put plaintiff on notice that he needed to specifically allege the personal involvement of any BOP employees in the alleged elevator assault. See Order, No. 08-CV-902 (NGG), slip op. at 3 (E.D.N.Y. Sept. 16, 2008). Plaintiff stated in his original complaint that the "response staff" assaulted him, but he only named defendants Jimminez, the United States and the BOP. In the amended complaint, plaintiff is even less precise stating "I was man handled, taken into the elevator and assaulted," but he does not describe the individuals who "assaulted" him, despite naming "John Does #3-#7 Officers Assigned to the Removal Team" in the caption. Similarly, the allegations in the amended complaint are insufficient to show defendant Jimminez's personal involvement in the alleged elevator assault as well as being insufficient to show the personal involvement of any of the John Doe defendants. Instead, plaintiff relies on the submitted medical reports to support his claim that he was injured physically and psychologically in this incident. Nowhere in plaintiff's amended complaint, opposition or motion for summary judgment does he provide any description of the defendants who allegedly assaulted him on September 12, 2007 at MDC or link any of the John Doe defendants to the alleged assault.

To the extent plaintiff seeks to hold Officer Jimminez, Rabbi Hornic, Reverend McDevett, Warden Lindsay, Acting Warden John Doe #1 and Duty Lieutenant John Doe #2 liable for the alleged assault in their supervisory capacity, defendants' motion to dismiss should be granted.

> The personal involvement of a supervisory defendant may be shown by evidence that the defendant: (1) directly participated in the constitutional violation; (2) failed to remedy the violation after learning of it through report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; (4) was grossly negligent in supervising subordinates who caused the violation; or (5) failed to act on information indicating that unconstitutional acts were occurring.

Thomas, 470 F.3d at 496 (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

Here, plaintiff fails to allege any facts to suggest that these defendants were participants in the elevator assault on September 12, 2007. Therefore, the Court recommends that defendants' motion should be granted and the excessive force claim against all the individual defendants, including defendant Jimminez, should be dismissed.

### (2) First Amendment Claim

In contrast, plaintiff alleges that on September 12, 2007, defendant Jimminez directly infringed on his right to religious worship. As set forth in the Court's prior order, "to prevail on a free-exercise claim, a prisoner 'must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." See Order, No. 08-CV-902 (NGG), slip op. at 3 (E.D.N.Y. Sept. 16, 2008) (quoting Salahuddin v. Goord, 467 F.3d 263, 274-75 (2d Cir. 2006)).

Here, plaintiff alleges that an approved High Holy Service for Jewish inmates "was abruptly terminated by officer Jimminez" (Am. Compl. at ¶ IV). The Court previously denied defendant Jimminez's motion to dismiss the First Amendment claim noting that defendant Jimminez failed to provide a reason for disrupting plaintiff's religious service and also failed to demonstrate that missing one religious service does not substantially burden an inmate's right to practice his religion. See Order, No. 08-CV-902 (NGG), slip op. at 4 (E.D.N.Y. Sept. 16, 2008).

Nothing in defendants' current motion addresses plaintiff's First Amendment claim. Therefore, while plaintiff fails to allege that any of the other defendants were personally involved, plaintiff's First Amendment claim against defendant Jimminez should proceed. In fact, plaintiff alleges that the religious observance was approved by "senior prison officials" including the Associate Warden and security staff (Am. Compl. at ¶ IV).[5]

The Court recommends that plaintiff's First Amendment claim should be dismissed against defendants John Does #1-7, Rabbi Hornic, Reverend McDevett and Warden Lindsay, but should proceed as to defendant Jimminez.

## II.    Summary Judgment - Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Jeffreys, 426 F.3d at 553 (quoting Anderson, 477 U.S. at 248); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all

---

[5] Plaintiff does allege that "he notified Rabbi Hornic of incident & injuries" but that Rabbi Hornic "never responded." (Am. Compl. at 2, ¶ II (C). This statement may support plaintiff's claim that he filed a grievance, but does not involve Hornic in plaintiff's First Amendment free exercise claim.

10

inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

Although the Court is obliged to "read [the *pro se* plaintiff's] papers liberally, and will interpret them to raise the strongest arguments that they suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos,14 F.3d at 790), "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)); Lipton v. Nature Co., 71 F.3d 464, 469 (2d Cir. 1995) (mere speculation and conjecture are insufficient to avoid summary judgment). Here, plaintiff's motion for summary judgment consists entirely of the following statement:[6]

> the government has filled a motion to dismiss the plaintiffs civil action and has continued to use the same ambiguous arguments after this court has already denied the Governments motion to dismiss the plaintiffs claim for violation of first amendment rights. *** The government has wasted this courts times on repeated occasions stating that an extension of time was needed to prove and defend there case each time the extension has produced self serving and non relevant information the plaintiff however has been diligent and producing the prima facia evidence need to show this court the trauma he has endured he has solidified his claim with documentation for respected members of the medical community. The government is allowing and defending an institution that is known been charged and proven that the treatment they deliver to those and there custody has been violent and mentally abusive wherefore based on the previous track record of employees at M.D.C. Brooklyn and the B.O.P. as a whole has proven time after time to be factual.

---

[6] Misspellings and grammatical errors in original.

Plaintiff does not provide a Local Rule 56.1 Statement or provide any statement as to the undisputed facts. Rather, plaintiff's motion appears to be an additional opposition to defendants' motion to dismiss. Defendants have failed to separately respond to plaintiff's motion and rely on their initial moving papers. Although a *pro se* litigant may lack familiarity with the formalities of pleading requirements, he is still required to "abide by the Federal Rules of Civil Procedure," Jones v. Consumer Info. Dispute Resolution, No. 06 Civ. 1809, 2007 WL 2398811, at *1 (S.D.N.Y. Aug. 16, 2007) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)), including "summary judgment requirements." McAfee v. Law Firm of Forster & Garbus, No. 06-CV-2925, 2008 WL 314193, at *2 (E.D.N.Y. Feb. 4, 2008). Therefore, plaintiff's summary judgment motion is not "properly made and supported," Fed. R. Civ. P. 56(e)(2), and should be denied.

## CONCLUSION

Accordingly, I respectfully recommend that defendants' motion to dismiss the claims against the United States and the BOP based on the FTCA and against the individual defendants based on excessive force should be granted, that plaintiff's motion for summary judgment should be denied and that plaintiff's First Amendment claim against defendant Jimminez should proceed.

## FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir.

2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: March 24, 2010
      Brooklyn, New York

Copies to: THE HONORABLE NICHOLAS G. GARAUFIS, U.S.D.J.

Jack Robinson
67 Strawberry Lane
Staten Island, NY 10312
*Plaintiff Pro Se*


Timothy D. Lynch
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
*Attorney for Defendants*