```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JACK ROBINSON,

                        Plaintiff,

        -against-

Officer BRYAN JIMENEZ,

                        Defendant.
-----------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAR 2 8 2012 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

08-CV-902 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Jack Robinson brings this pro se action against Bryan Jimenez, a correctional officer at the Metropolitan Detention Center in Brooklyn, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Robinson alleges that Jimenez deprived him of his right to religious worship in violation of the First Amendment to the United States Constitution. (Compl. (Docket Entry # 8).) Jimenez filed a motion for summary judgment and provided Robinson with the requisite Local Rule 56.2 notice. (Mot. for Summ. J. (Docket Entry # 115); Local Rule 56.2 Notice (Docket Entry # 117).) Robinson filed an opposition. (Docket Entry # 119.) On October 31, 2011, the court referred Jimenez's motion for summary judgment to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"). (Docket Entry # 126.) Robinson subsequently filed a "Re-Submitted Revised Motion for Summary Judgment" seeking to add three defendants who were previously dismissed from this action (Docket Entry # 127); and a "Demand for Damages upon Finding for Summary Judgment against Defendants" (Docket Entry # 131).

On March 6, 2012, Judge Bloom issued an R&R recommending that the court grant Jimenez's motion for summary judgment. (R&R (Docket Entry # 132) at 7-16.) And while

1

noting that Robinson's subsequent motions had not been formally referred, Judge Bloom recommended denying these motions. (Id. at 16-17.) On March 23, 2012, Robinson filed written objections to the R&R.

When a magistrate judge issues an R&R and that R&R has been served on the parties, a party has fourteen days to object to the R&R. Fed. R. Civ. P. 72(b)(2). If the district court receives timely objections to the R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R&R, an objecting party "must point out the specific portions of the report and recommendation to which [he] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-cv-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [R&R]." (emphasis added)). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entergris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under [ ] Fed. R. Civ. P. 72(b)"). Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

Robinson's written objections do not point to any specific portion of the R&R to which Robinson objects. Thus, the court reviews for clear error the portion of Judge Bloom's R&R addressing Jimenez's motion for summary judgment. See id.; Pall, 249 F.R.D. at 51. The court

has reviewed Judge Bloom's well-reasoned R&R for clear error and finds none. Thus, the court adopts this portion of the R&R.

Because Robinson's motions were not formally referred to Judge Bloom, the court will consider these motions de novo. Nevertheless, the court fully agrees with Judge Bloom's analysis of these motions. (See R&R at 16-17.) Robinson provides no persuasive reason for the court to reconsider its previous Order dismissing Warden Lindsay, Reverend McDevett, and Rabbi Hornic from this action. (See Order Adopting R&R (Docket Entry # 55).) Moreover, nothing in either of Robinson's motions alters the court's conclusion that summary judgment should be granted in favor of Jimenez. Robinson's "Demand for Damages upon Finding for Summary Judgment against Defendants" is therefore moot.

For the reasons set forth above, the court ADOPTS the portion of the R&R addressing Jimenez's motion for summary judgment; accordingly, Jimenez's motion for summary judgment is GRANTED. Robinson's "Re-Submitted Revised Motion for Summary Judgment" is DENIED. Robinson's "Demand for Damages upon Finding for Summary Judgment against Defendants" is DENIED as moot. The Clerk of Court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March 2⁶, 2012

NICHOLAS G. GARAUFIS
United States District Judge